[Cite as *State v. Denike*, 2019-Ohio-3805.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180299 |
| | | TRIAL NO. B-0300780 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| ROBERT DENIKE, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Vacated

Date of Judgment Entry on Appeal: September 20, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman,* Chief Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk,* for Defendant-Appellant.

**ZAYAS, Judge.**

{¶1} In 2003, defendant-appellant Robert Denike was indicted for attempted murder, rape, and felonious assault. All counts carried repeat-violent-offender and sexually-violent-predator specifications. In exchange for the dismissal of the attempted-murder count and the specifications to all counts, on June 25, 2003, Denike pleaded guilty to rape and felonious assault. The trial court imposed an agreed aggregate term of 15 years' imprisonment.

{¶2} After Denike was released from prison on parole, he was returned to the trial court on May 16, 2018, for a sexual-offender-classification hearing under former R.C. Chapter 2950, Ohio's version of Megan's Law. Denike was already registering as a habitual sexual offender pursuant to a March 6, 2000 order entered in another case.

{¶3} Denike filed written objections to the trial court's jurisdiction to hold the sexual-offender-classification hearing, and his counsel also made an oral objection at the hearing. The state contended at the hearing that it was proceeding under former R.C. 2950.09(C)(2)(a), and argued that the trial court had jurisdiction to hold the sexual-offender-classification hearing under that statute. The trial court agreed with the state's argument, overruled Denike's objections, and held a hearing at which the state submitted an exhibit showing that Denike had been classified as a habitual sexual offender in 2000, along with court clinic reports on Denike's dangerousness and likelihood to sexually reoffend. The court classified Denike as a sexual predator. Denike has appealed his classification.

{¶4} Former R.C. 2950.09 provided,

(C)(1) **If a person was convicted of or pleaded guilty to a sexually oriented offense that is not a registration-exempt sexually oriented offense prior to January 1, 1997, if the**

**person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, the department of rehabilitation and correction shall do whichever of the following is applicable:**

(a)  If the sexually oriented offense was an offense described in division (D)(1)(c) of section 2950.01 of the Revised Code or was a violent sex offense, the department shall notify the court that sentenced the offender of this fact, and the court shall conduct a hearing to determine whether the offender is a sexual predator.

(b)  If division (C)(1)(a) of this section does not apply, the department shall determine whether to recommend that the offender be adjudicated a sexual predator.  In making a determination under this division as to whether to recommend that the offender be adjudicated a sexual predator, the department shall consider all relevant factors, including, but not limited to, all of the factors specified in divisions (B)(2) and (3) of this section.  If the department determines that it will recommend that the offender be adjudicated a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender.  If the department determines that it will not recommend that the offender be adjudicated a sexual predator, it immediately shall send its determination to the court that sentenced the offender.  In all cases, the department shall enter its determination and recommendation in the offender's institutional record, and the court shall proceed in accordance with division (C)(2) of this section.

(2)(a)  If the department of rehabilitation and correction sends to a court a notice under (C)(1)(a) of this section, the court shall conduct a hearing to determine whether the subject offender is a sexual predator. If, pursuant to division (C)(1)(b) of this section, the department sends to a court a recommendation that an offender be adjudicated a sexual predator, the court is not bound by the department's recommendation, and the court shall conduct a hearing to determine whether the offender is a sexual predator.  In any case, the court shall not make a determination as to whether the offender is, or is not, a sexual predator without a hearing.  The court may hold the hearing and make the determination prior to the offender's release from imprisonment or at any time within one year following the offender's release from that imprisonment.

(Emphasis added.)

{¶5}  Former R.C. 2950.09(C)(2)(a) applied to an offender who was convicted of or pleaded guilty to a sexually-oriented offense prior to January 1, 1997, if the offender was not sentenced on or after January 1, 1997.  Denike pleaded guilty to rape and was sentenced on June 25, 2003.  He **did not** plead guilty to a sexually-oriented offense prior to January 1, 1997, and he **was** sentenced after January 1, 1997.  Therefore, former R.C. 2950.09(C)(2)(a) did not apply to Denike, and it could not have provided the trial court with jurisdiction to hold the sexual-offender-classification hearing.

{¶6}  We hold that the trial court erred in holding the sexual-offender-classification hearing under former R.C. 2950.09(C)(2)(a), because it had no authority to do so.  Therefore, the trial court's judgment classifying Denike as a

sexual predator must be vacated. Because we have held that Denike's sexual-predator classification must be vacated, his assignments of error are moot.

{¶7} The judgment of the trial court classifying Denike as a sexual predator is vacated.

Judgment vacated.

**MOCK, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry this date.