[Cite as *State v. Almedom*, 2016-Ohio-1553.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-852 |
| v. | : | (C.P.C. No. 13CR-1858) |
| Sefe A. Almedom, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 14, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee. **Argued:** Michael P. Walton.

**On brief:** *Frederick D. Benton, Jr., L.P.A*, and *Frederick D. Benton, Jr.*, for appellant. **Argued:** Frederick D. Benton, Jr.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Sefe A. Almedom is appealing from numerous convictions on charges of rape and gross sexual imposition. He submits four assignments of error for our consideration:

> [I.] THE TRIAL [COURT] ERRED IN DENYING APPELLANT'S MOTION FOR A NEW TRIAL.
>
> [II.] APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS OF LAW AND HIS RIGHT TO A FAIR TRIAL.
>
> [III.] APPELLANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.
>
> [IV.] THE VERDICT OF GUILT[Y] WAS LEGALLY INSUFFICIENT AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 2}   The charges in this case all were based on allegations that girls under the age of 13 had been victims of sexual abuse. Almedom denied having sexual contact with the girls. Yet, the trial court judge consistently referred to the girls as "victims," which, in essence, was telling the members of the jury that the girls were truthful when they claimed that sexual abuse occurred, as opposed to telling the jury Almedom was truthful in his denial, or refusing to comment on the credibility of any potential witnesses.

{¶ 3}   For reasons that are not clear, defense counsel never objected to the trial judge's comments even though the references began before any witnesses had testified. For instance, in describing the case before the testimony began, the judge stated, "It is my understanding that in this case that all victims are under the age of 13." (Tr. Vol. I, 14.)

{¶ 4}   Later, the judge told the jury "This case involves three victims who are children, and they live with the mother in New York State." (Tr. Vol. II, 3.) This statement was made to explain why the trial had not started on time that day. Again, defense counsel made no objection.  During the jury selection process, the assistant prosecuting attorney trying the case had referred to the girls who were to testify as "victims."  Defense counsel sat mum during the repeated references.

{¶ 5}   A detective for the Columbus Police Division gave extended testimony about a police file he worked with these alleged victims. By then, the jury had been told repeatedly that the three girls were victims, the presumption of innocence for Almedom notwithstanding.

{¶ 6}   At the close of the State's evidence, the youngest of the three girls was not called to the witness stand, and the charge involving her was dismissed upon the State's motion. Defense counsel did not ask for a mistrial or ask the judge to tell the jury that the testimony about her should not be part of the jury's deliberation.

{¶ 7}   Despite the fact the case involved allegations which in all likelihood would cause Almedom to be incarcerated for the rest of his life if found to be true, defense counsel filed no pre-trial motions other than a motion for a bill of particulars. Given the ages of the girls who were making the allegations, a motion to determine the competency of the girls to testify would have been expected. The youngest of the three was only six years old as of the trial date.

{¶ 8} Defense counsel at trial also failed repeatedly to object to questions on direct examination and to huge portions of the State's evidence, including extrajudicial interviews of the girls. Counsel's failure to object forces us on appeal to review all such evidence under a plain error standard. An error is found to be plain error only when the appellate court finds that the outcome of the trial would have been different if the error had not occurred.

> "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland* [*v. Washington*, 466 U.S. 668, 686 (1984)], 104 S.Ct. at 2062. Thus, a two-part test is necessary to examine such claims. First, appellant must show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably. *State v. Keith*, 79 Ohio St.3d 514, 534, 1997 Ohio 367, 684 N.E.2d 47. Second, appellant must show that, but for the counsel's errors, there is a reasonable probability that the result of the trial would have been different. Id.

*State v. White*, 10th Dist. No. 10AP-34, 2011-Ohio-2364, ¶ 81.

{¶ 9} In short, defense counsel's performance fell well below what is expected of competent counsel for purposes of the Sixth Amendment to the United States Constitution. However, more must be shown to cause an appellate court to sustain an assigned error for ineffective assistance of counsel. To sustain such an assignment of error, the appellate court must find that defense counsel's conduct so undermined the proper function of the adversarial process that the trial court cannot be relied on as having produced a just result. *See Strickland v. Washington*, 466 U.S. 668 (1984).

{¶ 10} We must then evaluate the fairness of the proceedings. We find that the conduct of defense counsel linked with the prejudicial comments of the trial judge when added to those of the assistant prosecuting attorney during jury selection undermined the proper function of the adversarial process. The undermining was so extensive that we cannot be sure a just result was produced.

{¶ 11} The average person is disgusted by the idea of anyone sexually abusing young children. Sefe Almedom was portrayed as such a disgusting person long before any evidence was presented. The trial court judge, who is viewed as the ultimate authority

figure in the courtroom, in essence told the jury more than once that Almedom had victimized three young girls. Almedom's claims that the accusations flowed from the hatred of the girls' mother toward him following the end of his emotional relationship with her could not be fairly and impartially evaluated by the jury after the jury had been told repeatedly by the trial court judge that the girls were victims. All the while, Almedom's defense counsel, who was supposed to be advocating for Almedom's well-being, stood idly by and made no objection to the trial judge's accusation that his client was a child abuser. The case was essentially decided before the first words were uttered by the witnesses for the State of Ohio and long before Almedom had a chance to deny the accusations and to submit a theory as to why the accusations were being made.

{¶ 12} We are not saying that the girls were not being truthful. We are not saying Almedom was being truthful. We are saying that the conduct of the trial judge when linked with the deficient conduct of defense counsel denied Almedom of the opportunity for a fair trial—a trial in which his defense could be fairly considered.

{¶ 13} As a result of the above, the second and third assignments of error are sustained.

{¶ 14} The fourth assignment of error submits that the verdicts were not supported by sufficient evidence and were against the manifest weight of the evidence.

{¶ 15} Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. *Id.* "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979). The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. *Jenks* at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. *See Thompkins* at 387.

{¶ 16} Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence.  *Thompkins* at 387.  In so doing, the court of appeals, sits as a " 'thirteenth juror' " and, after " 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983); *see also Columbus v. Henry*, 105 Ohio App.3d 545, 547-48 (10th Dist.1995).  Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387.

{¶ 17} As this court has previously stated, "[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, *see* [*State v.*] *DeHass* [10 Ohio St.2d 230 (1967)], such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Nivens*, 10th Dist. No. 95APA09-1236 (May 28, 1996).  It was within the province of the jury to make the credibility decisions in this case.  *See State v. Lakes* 120 Ohio App. 213, 217 (4th Dist.1964), ("It is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness.")

{¶ 18} *See State v. Harris*, 73 Ohio App.3d 57, 63 (10th Dist.1991) (even though there was reason to doubt the credibility of the prosecution's chief witness, he was not so unbelievable as to render verdict against the manifest weight).

{¶ 19}  Turning to the trial testimony, the mother of the girls claimed she became alarmed when she saw one of the girls acting out in a way which indicated the girl had experienced sexual intercourse.  The mother claimed that, when she talked to the girl, she was informed that the girl was doing to her sister what Almedom had been doing to her.  Further questioning revealed graphic descriptions of fellatio and other sexual conduct.  Further questioning also included claims that Almedom had threatened to kill one or more of the girls if the sexual conduct were revealed.

{¶ 20} Without recounting all the testimony of the two older daughters, their explicit descriptions of numerous sex acts, if believed, satisfies the standard for sufficiency of the evidence.

{¶ 21} On the current state of the record, we cannot say that Almedom's own testimony outweighed the testimony on behalf of the State. The verdicts corresponded with the manifest weight of the evidence as presented at trial.

{¶ 22} The fourth assignment of error is overruled.

{¶ 23} In light of our findngs as to the second and third assignments of error, the first assignment of error is rendered moot.  Our sustaining of the second and third assignments of error means that Almedom should receive a new trial—one which is fair.

{¶ 24} In summary, the fourth assignment of error is overruled.  The second and third assignments of error are sustained.  Our sustaining of the second and third assignments of error renders the first assignment of error moot.

{¶ 25} We, therefore, vacate the convictions in this case and remand the case for further appropriate proceedings.

*Judgment vacated and remanded for*
*further appropriate proceedings.*

BRUNNER and HORTON, JJ., concur.

————————————