[Cite as *State v. Lovingshimer*, 2021-Ohio-3339.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CHARLES E. LOVINGSHIMER IV | : | Case No. CT2020-0058 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas, Case No. CR2019-0261


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        September 22, 2021


APPEARANCES:

For Plaintiff-Appellee

TAYLOR P. BENNINGTON
27 North Fifth Street
P.O. Box 189
Zanesville, OH 43702-0189

For Defendant-Appellant

CARTER A. BROWN
59 North Fourth Street
P.O. Box 488
Zanesville, OH 43702-0488

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Charles Lovingshimer appeals the December 11, 2020 judgment of the Muskingum County Court of Common Pleas sentencing him to an aggregate total of two consecutive life sentences without the possibility of parole following convictions for three counts of gross sexual imposition, three counts of rape involving a victim under the age of 10, two counts of rape, and one count of child endangering. Plaintiff appellee is the State of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   A full recitation of the underlying facts is unnecessary to our resolution of this appeal. Between January 2006 and January 2013, Appellant sexually abused two children (herein V.1 and V. 2). Following disclosure by the children to their mother in 2017, an investigation ensued and the children were seen by medical professionals.

{¶ 3}   As a result of the investigation, on May 8, 2019, the Muskingum County Grand Jury returned an indictment charging Appellant with seven counts of gross sexual imposition pursuant to R.C. 2907.05(A)(4) felonies of the third degree, three counts of rape (victim under 10) pursuant to R.C. 2907.02(A)(1)(b), felonies of the first degree, three counts of rape (force) pursuant to R.C. 2907.02(A)(1)(b), felonies of the first degree, and one count of child endangering pursuant to R.C. 2919.22(B)(1), a felony of the second degree.

{¶ 4}   Appellant pled not guilty to the charges and elected to proceed to a jury trial which began on October 20, 2020. Before trial, the state moved to amend the indictment to dismiss several counts and renumber the indictment. The trial court granted the motion. Also before trial, Appellant filed a motion in limine requesting the trial court prohibit the

state from referring to V.1 and V.2 as "victims" during trial. The trial court denied the motion.

{¶ 5}   On October 22, 2020 the jury returned its verdicts finding Appellant guilty of three counts of gross sexual imposition (victims under 13) felonies of the third degree, three counts of rape (force/victim under 10), felonies of the first degree, two counts of rape (force), felonies of the first degree, and one count of endangering children, a felony of the second degree.

{¶ 6}   On November 30, 2020, the trial court sentenced Appellant to an aggregate prison term of two consecutive life sentences without the possibility of parole.

{¶ 7}   Appellant timely filed an appeal and the matter is now before this court for consideration. He raises two assignments of error for our consideration as follow:

I

{¶ 8}   "APPELLANT WAS DENIED DUE PROCESS UNDER LAW DUE TO THE TRIAL COURT'S RULINGS ON APPELLANT'S TRIAL AND PRETRIAL OBJECTIONS."

II

{¶ 9}   "THE TRIAL COURT'S DECISION TO DENY APPELLANT'S MOTION IN LIMINE WAS IN ERROR."

I

{¶ 10} In his first assignment of error, Appellant argues the trial court's cumulative erroneous rulings on pretrial and trial objections denied him due process. We disagree.

{¶ 11} Under the doctrine of cumulative error, "[s]eparately harmless errors may violate a defendant's right to a fair trial when the errors are considered together." *State v. Harris*, 2d Dist. Montgomery No. 19796, 2004-Ohio-3570, ¶ 40, citing *State v. Madrigal*,

87 Ohio St.3d 378, 397, 721 N.E.2d 52 (2000). "In order to find cumulative error, we first must find that multiple errors were committed at trial." *Id*. "A conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of a fair trial even though each of the numerous instances of trial-court error does not individually constitute cause for reversal." *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 223, citing *State v. DeMarco*, 31 Ohio St.3d 191, 509 N.E.2d 1256 (1987), paragraph two of the syllabus.

Voir Dire

{¶ 12} Appellant makes two arguments under this first assignment of error. In the first he argues the trial court improperly permitted the state to present factual elements of its case during voir dire over his counsel's objection. We disagree.

{¶ 13} Because the scope of voir dire lies within the sound discretion of the trial court, we review Appellant's argument for an abuse of discretion. *State v. Jackson*, 107 Ohio St.3d 53, 2005-Ohio-5981, 836 N.E.2d 1173, ¶ 28. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 14} "The scope of voir dire * * * varies depending on the circumstances of each case." *State v. Bedford*, 39 Ohio St.3d 122, 129, 529 N.E.2d 913 (1988). A prosecutor has a right to give an overview of the facts of the case and of those involved in order to ascertain whether prospective jurors know anything about the offense. *State v. Tyler*, 50 Ohio St.3d 24, 32, 553 N.E.2d 576 (1990). While jurors must be impartial, they need not be completely ignorant of the facts and issues involved in a case to be qualified as jurors.

*State v. Gross*, 97 Ohio St.3d 121, 2002-Ohio-5524, 776 N.E.2d 1061, ¶ 38. "The purpose of voir dire is not to establish how a juror will vote on the case to be tried; it is to discover whether any juror has a bias that would prevent him or her from individually weighing the facts of the case." *State v. Madison*, 160 Ohio St.3d 232, 2020-Ohio-3735, 155 N.E.3d 867, ¶ 24.

{¶ 15} In support of his argument that the trial court erred in permitting the state to present factual evidence of its case during voir dire over his counsel's objection, Appellant directs us to pages 128-137 of the transcript. Within these pages the prosecutor asked the prospective jurors where they believed sexual assaults occurred and instances they could think of where there would be no evidence of a sexual assault. Transcript of Trial (T.) 128-130. One prospective juror answered there may not be physical evidence if there had been a passage of time. T. 130. The prosecutor responded "[t]hat is something that is called delayed reporting." He then asked if any of the prospective jurors were familiar with the term. T.131. Counsel for Appellant objected.

{¶ 16} At a side bar counsel for Appellant argued the prosecutor was "starting to put into play facts not in evidence and we're trying to condition the jury on the case facts." T. 132. In response the prosecutor pointed out he had not referred to any victims and that whether or not jurors could accept the idea that sexual assault cases can be proven without physical evidence and whether they were open to the idea of delayed reporting was central to whether a potential juror in this matter could fairly weigh the evidence. T. 131. The trial court overruled Appellants objection but cautioned the prosecutor: "* * *make sure you stay really narrow with regard to this line of questioning." T. 133. The

prosecutor continued his voir dire and counsel for Appellant raised no further objection. T. 133-137.

{¶ 17} Appellant argues that after the trial court overruled his objection, the prosecutor went on to explain the science behind delayed reporting and polled jurors on the same. But the record simply does not support Appellant's allegations. Rather, the record reflects the prosecutor asked if jurors would immediately discount the testimony of a child who did not report their abuse right away and further asked if jurors would be willing to listen to an expert explain why there may not be physical signs of trauma as a result of sexual assault. T. 134-137.

{¶ 18} Upon review of the record, we find the state's questioning of the venire was narrowly tailored to determine whether any potential jurors harbored any bias which would make them ill-suited to determine this particular matter. Based on the circumstances of this case, the trial court's decision to overrule Appellant's objection was not error. We therefore reject Appellant's arguments pertaining to voir dire.

Hearsay

{¶ 19} Appellant next argues the trial court erred in permitting hearsay testimony from J.M. the mother of V.1 and V.2. We disagree.

{¶ 20} The admission or exclusion of evidence rests in the sound discretion of the trial court. *State v. Sage,* 31 Ohio St.3d 173, 180, 510 N.E.2d 343 (1987). As a general rule, all relevant evidence is admissible. Evid.R. 402; cf. Evid.R. 802. We therefore review this issue for an abuse of discretion.

{¶ 21} Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C).

{¶ 22} Appellant directs us to pages 425 and 426 of the transcript wherein the state was conducting direct examination of J.M., mother of the victims. The relevant portion reads:

> [The State]: Going back to August of 2017, do you remember a conversation you had with your daughter [ V.1]?
>
> [J.M]: Yes
>
> [The State]: * * * And what was that conversation about?
>
> [Counsel for Appellant] Objection; hearsay Your Honor.
>
> [The State]: Your Honor, it goes to - -
>
> [The Court]: Overruled. Go Ahead.
>
> [The State]: What was that conversation about?
>
> [J.M.]: She said [Appellant] raped and molested her.
>
> [The State]: All right. Based on that conversation what did you do?
>
> [J.M.]: I called the sheriff's department.

{¶ 23} Appellant further directs our attention to page 428 of the transcript. At this point the state's direct examination of J.M. focused on the fact she is a recovering drug addict and that her drug abuse had impacted her ability to properly parent her children:

[The State]: Taking drugs, did that have an impact on your ability to be a good mother?

[J.M]: Yes it did.

[The State]: did you place yourself in front of your children?

[J.M]: Do I? Yes.

[The State]: Did you then?

[J.M.]: No.

[The State]: * * * Did you put yourself - - your needs in front of your children's needs?

[J.M.]: Oh, yes.

[The State]: And do you remember a time when [V.1] talked to you about something that was going on with [Appellant]?

[Counsel for Appellant]: Objection, Your Honor. It's hearsay.

* * *

The Court: Stop.

[Counsel for Appellant]: There's no foundation.

The Court: Overruled.

[The State]: Do you remember a time when you were on drugs [V.1.] talking to you about something going on with defendant?

[J.M.]: I know she did. I don't remember the details.

[The State]: Okay. Do you remember the nature of what she told you was going on?

[J.M]: I remember she used the word rape.

[The State]: Okay. Did you report it?

[J.M.]: No.

[The State]: Did you believe her?

[J.M.]: No.

[The State]: When you were told this time, what did you do?

[J.M]: I contacted law enforcement.

[The State]: And did you make arrangements for your girls to go to Children's Hospital?

[J.M.]: I did.

{¶ 24} T. 427-429.

{¶ 25} Appellee argues this testimony was not hearsay because it was not offered for the truth of the matter asserted. We agree. The Ohio Supreme Court has recognized that if a statement is not offered for the truth of the matter asserted, it is not prohibited by the hearsay rule and will be admissible, subject to the standards governing relevancy and undue prejudice. *State v. LaMar*, 95 Ohio St.3d 181, 196, 2002-Ohio-2128, 767 N.E.2d 166, citing *State v. Maurer*, 15 Ohio St.3d 239, 262-263, 473 N.E.2d 768 (1984). Thus " 'testimony which explains the actions of a witness to whom a statement was directed, such as to explain the witness' activities, is not hearsay.' " *Id.*, quoting *Maurer* at 262.

{¶ 26} Here, J.M.'s testimony in the first instance was limited to a single statement made by V.1 to explain why J.M. involved law enforcement. In the second instance J.M.'s testimony explained why she initially did nothing about the ongoing abuse. Each statement, therefore, was elicited to explain J.M's actions.

{¶ 27} In factually similar cases, such testimony was not hearsay. *State v. Hoseclaw*, 3d Dist. Allen No. 1-12-31, 2013-Ohio-3486 ¶ 48 ("The trial court did not abuse its discretion by allowing the witness to testify concerning the victim's statement that she was raped since it was offered not for its truth but to show why the witness reported the rape to the victim's mother, which the mother, then, reported to law enforcement."), *State v. Dunn*, 9th Dist. No. 04CA008549, 2005-Ohio-1270, ¶ 17, *State v. Thomas*, 61 Ohio St.3d 223, 232, 400 N.E.2d 401 (1980) ("It is well established that extrajudicial statements made by an out-of-court declarant are properly admissible to explain the actions of a witness to whom the statement was directed").

{¶ 28} Moreover, even if that were not true, J.M.'s testimony was cumulative to that of V.1 making its admission harmless error. T. 452-453, 458. "[T]he erroneous admission or exclusion of hearsay, cumulative to properly admitted testimony, constitutes harmless error." *State v. Hogg*, 10th Dist. Franklin No. 11AP-50, 2011-Ohio-6454, ¶ 46.

{¶ 29} Appellant's complaints regarding both voir dire and the admission of hearsay evidence are without merit. Since we do not find multiple instances of harmless error, the doctrine of cumulative error is inapplicable. The first assignment of error is overruled.

II

{¶ 30} In his final assignment of error, Appellant argues the trial court erred in denying his motion in limine to direct the state to refer to V.1 and V.2 as "alleged victims." We disagree.

{¶ 31} As an initial matter, Appellant seeks a reversal based upon his motion in limine. The granting or denial of a motion in limine is a tentative, interlocutory,

precautionary ruling reflecting the trial court's anticipatory treatment of an evidentiary issue. *State v. Grubb*, 28 Ohio St.3d 199, 201, 503 N.E.2d 142 (1986). A motion in limine does not preserve an issue for appeal. *Id.* Rather, in order to preserve the error, the evidence must be presented at trial, and a proper objection lodged. *Id.* paragraph two of the syllabus (1986). Once properly preserved an appellate court will then review the trial court's ruling on the objection rather than the ruling on the motion in limine. See *Wray v. Herrell*, 4th Dist. Lawrence No. 93CA08, 1994 WL 64293.

{¶ 32} In his reply brief, Appellant cites five instances wherein the state referred to V.1 and V.2 as "victims." Our examination of the record reveals Appellant did not lodge an objection in any of these five instances. We further note four of these instances occurred during closing argument. Transcript of Trial, Volume III (T. III), 621, 624-625, 632, 651-652. Even if Appellant had objected there would be no error because in closing argument a prosecutor may comment freely on "what the evidence has shown and what reasonable inferences may be drawn therefrom." *State v. Lott*, 51 Ohio St.3d 160, 165, 555 N.E.2d 293 (1990), quoting *State v. Stephens*, 24 Ohio St.2d 76, 82, 263 N.E.2d 773 (1970). Referring to the child victims as such in closing argument would therefore not be improper.

{¶ 33} The remaining transcript reference cites to a single instance during trial wherein the prosecutor referred to the V.1 as "victim." This instance occurred during the direct testimony of Katharine Doughty, a pediatric nurse practitioner who examined the children following their disclosure of sexual abuse by Appellant. Again, even if Appellant had objected to this use of the word "victim" we would find no prejudicial error as this was one isolated incident which took place during a three-day trial.

{¶ 34} Finally, in his February 2020 Motion in Limine Regarding the Term Victim as well as here on appeal, Appellant relies on *State v. Almedom*, 10th Dist. No. 15AP-852, 2016-Ohio-1553 to support his argument that the trial court should have prohibited the prosecutor from using the term "victim" with respect to V.1 and V.2.  In *Almedom*, however, most of the offending references were made by the trial court judge, not the prosecutor. Additionally, the improper references were made throughout the entire trial. The *Almedom* court also found that defense counsel's ineffective assistance, linked with the trial court's and prosecutor's prejudicial comments, "undermined the proper function of the adversarial process" so that it could not "be sure a just result was produced." *Id*. at ¶10. The instant matter presents no comparable facts.

{¶ 35} Appellant failed to preserve this argument for review and even if he had, it would be without merit. The final assignment of error is overruled.

{¶ 36} The judgment of the Muskingum County Court of Common Pleas is affirmed.


By Wise, Earle, J.

Wise, J., P.J. and

Delaney, J. concur.



EEW/rw