[Cite as *State v. S.A.A.*, 2026-Ohio-1782.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                        :

      Plaintiff-Appellee,                   :            No. 25AP-967
                                                                        (C.P.C. No. 13CR-1858)

v.                                                        :

                                                                      (REGULAR CALENDAR)

[S.A.A.],                                              :

      Defendant-Appellant.               :

---

D E C I S I O N

Rendered on May 14, 2026

---

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Jeffrey D. Devereaux*, for appellee.

**On brief:** *S.A.A.*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

DINGUS, J.

{¶ 1} Defendant-appellant, S.A.A., appeals from a judgment of the Franklin County Court of Common Pleas dismissing the postconviction petition he filed on September 17, 2025. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} In April 2013, a Franklin County Grand Jury indicted appellant on 5 counts of gross sexual imposition and 11 counts of rape. Following a trial on 15 of the 16 originally indicted counts, the jury found appellant guilty as to all the tried counts. Appellant appealed, and this court reversed based on the finding that he had been denied a fair trial. *State v.* [*S.A.A.*], 2016-Ohio-1553 (10th Dist.). Because this court found that sufficient evidence supported the jury's verdicts, this court remanded the matter for a new trial. *Id.* The new trial was held in July 2017, and a jury again found appellant guilty on all 15 counts.

The trial court sentenced appellant to life without parole, plus 25 years to life. Appellant timely appealed, and this court affirmed on September 29, 2020. *State v. S.A.A.*, 2020-Ohio-4650 (10th Dist.).

{¶ 3} On September 17, 2025, appellant filed a "Motion to Terminate an Unlawful Sentence," which the trial court construed as a petition for postconviction relief. The trial court found that it lacked jurisdiction to consider appellant's untimely petition and therefore dismissed the petition.

{¶ 4} Appellant timely appeals.

## II. Assignments of Error

{¶ 5} Appellant assigns the following six assignments of error for our review:

> [I.] The court was in error and the accused was judicially prejudice, when the court refused to acknowledge State vs Cartwright, 1998 Ohio App. LEXIS 5549 attached with original filing in violation of DR 1-102(A)(4) and the Ohio Rules of Professional Conduct Rule 1.1, when the court sentence appellant to life without parole when appellant is a first time offender.
>
> [II.] The court was in error and the accused was judicially prejudice, when the court refused to acknowledge State vs Stansell, 2021-Ohio-203 attached withe the original filing in violation of DR 7-106(A) and the Ohio Rules of Professional Conduct Rule 2.2, when the court sentenced appellant to life without parole, when the appellant has no juvenile history.
>
> [III.] The court was in error and the accused was judicially prejudice, when the court refused to acknowledge State vs Deck, 2021-Ohio-3145 attached with the original filing in violation of DR 7-106(A) and the Ohio Rules of Professional Conduct Canon 2, 2.2 and 2.3 when the court sentenced appellant to life without parole, when the appellant does not have a criminal record.
>
> [IV.] The court was in error and the accused was judicially prejudice, when the court refused to acknowledge State vs Denike, 2021-Ohio-4580 attached with the original filing in violation of DR 1-102(A)(6) and the Ohio Rules of Professional Conduct Rules 2.5, 2.6, and 2.7 when the court sentenced the appellant to life without parole, when there was no sexually violent predator specification in the appellant's indictment.

[V.] The court was in error and the accused was judicially prejudice, when the court consciously refused to acknowledge, accept, or consider the accused overall motion to terminate an unlawful sentence that's void according to other decisions in violation of the Ohio Rules of Professional Conduct Rules 2.2, 2.3, 2.4, 2.5, 2.6, 2.7, and 18 USCS §241, §242 and §2076 concerning the Clerks of Court, when the court sentenced the appellant to life without parole, when appellant did not have a sexually violent predator specification hearing concerning this case.

[VI.] The court was in error and the appellant was judicially prejudice, when the appellant has never been convicted of a sexually violent predator offense nor has appellant plead guilty to or was found guilty of such offense.

(Emphasis deleted.) (Sic passim.)

## III. Discussion

{¶ 6} Each of appellant's six assignments of error allege the trial court erred in sentencing him. Because appellant appeals from the trial court's judgment dismissing his September 17, 2025, petition for postconviction relief, which challenged his sentencing on various grounds, we construe his six assignments of error as collectively asserting that the trial court erred in dismissing that petition. We find the trial court properly dismissed his petition for lack of jurisdiction. Thus, all six assignments of error are without merit.

{¶ 7} R.C. 2953.21 governs the filing of postconviction petitions and affords a petitioner relief "if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution." (Internal quotations marks deleted and citations omitted.) *State v. Edwards*, 2019-Ohio-3905, ¶ 11 (10th Dist.); *State v. Lacking*, 2015-Ohio-1715, ¶ 10 (10th Dist.). A petition for postconviction relief is a collateral civil attack on the prior criminal judgment, not an appeal of the judgment or a venue to relitigate substantive issues raised in a direct appeal. *State v. Conway*, 2019-Ohio-2260, ¶ 12 (10th Dist.); *State v. Steffen*, 1994-Ohio-111, ¶ 60. In this way, a petition for postconviction relief " 'is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record.' " *State v. Sidibeh*, 2013-Ohio-2309, ¶ 8 (10th Dist.), quoting *State v. Murphy*, 2000 Ohio App. LEXIS 6129, *5 (10th Dist. Dec. 26, 2000).

{¶ 8} Except as provided in R.C. 2953.23(A), R.C. 2953.21(A)(2)(a) requires a petition for postconviction relief to be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed . . . in the direct appeal of the judgment of conviction." A trial court lacks jurisdiction to entertain an untimely petition for postconviction relief unless the petitioner demonstrates that one of the R.C. 2953.23(A) exceptions applies. *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36 ("[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition."). To establish a trial court's jurisdiction, the petitioner may demonstrate either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1)(a). If the petitioner can satisfy one of those two conditions, he must also demonstrate that, but for the constitutional error at trial, no reasonable finder of fact would have found him guilty. R.C. 2953.23(A)(1)(b). Alternatively, a trial court has jurisdiction to consider an untimely postconviction petition if the petitioner demonstrates he was convicted of a felony offense and DNA testing performed under a specified statute "establish[es], by clear and convincing evidence, actual innocence of that felony offense." R.C. 2953.23(A)(2).

{¶ 9} Here, appellant's petition for postconviction relief was untimely, and no exception applied. The trial court's judgment of conviction and sentence was filed August 28, 2017, and appellant timely appealed from that conviction. Therefore, unless an exception applied, a postconviction petition was due 365 days after January 18, 2018, the date on which the trial transcript was filed in this court. *See* R.C. 2953.21(A)(2). Because appellant's petition at issue was filed September 17, 2025, well beyond the 365-day deadline, he needed to establish one of the statutory exceptions for the trial court to have jurisdiction over the petition. In support of his petition, however, appellant did not demonstrate, or even argue, that he was unavoidably prevented from discovering the facts on which he relies for postconviction relief, or that his petition was based on a new federal or state right recognized by the United States Supreme Court that applies retroactively. Nor did appellant allege or show that DNA results established his actual innocence. Because appellant failed to establish the applicability of an exception that would allow the trial court

to consider his untimely postconviction petition, the trial court lacked jurisdiction to entertain his petition. *State v. Ruark*, 2015-Ohio-3206, ¶ 14 (10th Dist.), citing *State v. Russell*, 2006-Ohio-383, ¶ 7 (10th Dist.).

{¶ 10} For these reasons, we overrule all six of appellant's assignments of error.

## IV. Disposition

{¶ 11} Having overruled all six of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and JAMISON, JJ., concur.

———————————