[Cite as *State v. Denike*, 2021-Ohio-4580.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210126 |
| | | TRIAL NO. B-0300780 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ROBERT DENIKE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Vacated

Date of Judgment Entry on Appeal: December 29, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ernest W. Lee, Jr.,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk,* for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1}   Defendant-appellant Robert Denike appeals his classification as a sexual predator under former R.C. 2950.09(B).  We hold that the trial court had no authority to hold a sexual-offender-classification hearing under that section, and therefore, we vacate Denike's classification as a sexual predator.

## Facts and Procedure

{¶2}   In 2003, Denike was indicted for attempted murder, rape, and felonious assault.  All counts carried repeat-violent-offender and sexually-violent-predator specifications.  In exchange for the dismissal of the attempted-murder count and the specifications to all counts, on June 25, 2003, Denike pleaded guilty to rape and felonious assault.  The trial court imposed an agreed aggregate term of 15 years' imprisonment.

{¶3}   After Denike was released from prison on parole, he was returned to the trial court on May 16, 2018, for a sexual-offender-classification hearing under former R.C. Chapter 2950, Ohio's version of Megan's Law.  Denike was already registering as a habitual sexual offender pursuant to a March 6, 2000 order entered in another case.

{¶4}   Denike filed written objections to the trial court's jurisdiction to hold the sexual-offender-classification hearing, and his counsel also made an oral objection at the hearing.  The state contended at the hearing that it was proceeding under former R.C. 2950.09(C)(2)(a), and argued that the trial court had jurisdiction to hold the sexual-offender-classification hearing under that statute.  The trial court agreed with the state's argument, overruled Denike's objections, and held a hearing at which the state submitted an exhibit showing that Denike had been classified as a habitual sexual offender in 2000, along with court clinic reports on Denike's

dangerousness and likelihood to sexually reoffend. The court classified Denike as a sexual predator. Denike appealed his classification.

{¶5} On appeal, this court vacated Denike's sexual-predator classification because former R.C. 2950.09(C)(2)(a) applied to an offender who was convicted of or pleaded guilty to a sexually-oriented offense prior to January 1, 1997, if the offender was not sentenced on or after January 1, 1997. Denike pleaded guilty to rape and was sentenced on June 25, 2003. He did not plead guilty to a sexually-oriented offense prior to January 1, 1997, and he was sentenced after January 1, 1997. Therefore, former R.C. 2950.09(C)(2)(a) did not apply to Denike, and it could not have provided the trial court with jurisdiction to hold the sexual-offender-classification hearing. We vacated Denike's sexual-predator classification. *State v. Denike*, 1st Dist. Hamilton No. C-180299, 2019-Ohio-3805.

{¶6} On March 5, 2020, the state filed a motion in the trial court to classify Denike as a sexual predator under former R.C. 2950.09(B), to which Denike filed an objection. The trial court ordered court clinic reports on Denike's risks for dangerousness and sexual recidivism. Those reports are dated November 18, 2020, and were submitted by the state as exhibits 1 and 2 at the January 21, 2021 hearing. The trial court classified Denike as a sexual predator. Denike has appealed.

## Assignments of Error

{¶7} Denike's first assignment of error alleges that the trial court erred in classifying Denike as a sexual predator because the court had no jurisdiction to classify him and he had never been convicted of a sexually-violent-predator specification.

### *Res Judicata/Law of the Case*

{¶8} Denike first argues that this court decided in *Denike*, 1st Dist. Hamilton No. C-180299, 2019-Ohio-3805, that the trial court had no jurisdiction to

3

classify him under former R.C. 2950.09, and that therefore res judicata and the law-of-the-case doctrine preclude this court from "revisiting" this issue. This court held in *Denike*, that Denike could not be classified as a sexual predator under former R.C. 2950.09(C), so we vacated the trial court's judgment classifying him under that section. This court did not hold that Denike could not be classified as a sexual predator, only that the trial court had no authority to classify him under former R.C. 2950.09(C) because he clearly did not fall under that section.

*Timing of Hearing*

{¶9} Denike next argues that the trial court had no jurisdiction to hold a sexual-predator-classification hearing after he had been released from prison. The Megan's Law registration requirements are civil and remedial and do not implicate the defendant's sentence. *State v. Cook*, 83 Ohio St.3d 404, 700 N.E.2d 570 (1998). The statutory requirement regarding the timing of a sexual-predator hearing is not jurisdictional. *State v. Bellman*, 86 Ohio St.3d 208, 714 N.E.2d 381 (1999) (the statutory requirement regarding the timing of a sexual-predator hearing is not jurisdictional and a defendant may waive it); *State v. Sturgill*, 2017-Ohio-2736, 90 N.E.3d 44 (4th Dist.) (the trial court had jurisdiction to conduct the reclassification hearing after the defendant had served his prison sentence and had been released for two years); *State v. Bell*, 12th Dist. Clermont No. CA2015-10-077, 2016-Ohio-7363 (the language in former R.C. 2950.09(B) referring to the timing of the sexual-predator hearing was not jurisdictional and the trial court had jurisdiction to classify the defendant a year after he had been released from prison); *State v. Jones*, 12th Dist. Butler No. CA2020-07-080, 2021-Ohio-2149 (the trial court had jurisdiction to classify the defendant "several years after his conviction and sentencing"). Denike's release from prison did not operate to deprive the trial court of jurisdiction to hold the sexual-predator hearing.

4

*Dismissal of Sexually-Violent-Predator Specifications*

**{¶10}** Denike next argues, citing *State v. Jones*, 93 Ohio St.3d 391, 754 N.E.2d 1252 (2001), and *State v. Robinson*, 7th Dist. Mahoning No. 00 CA 190, 2002-Ohio-6734, that former R.C. 2950.09 precluded the sexual-predator classification because the state dismissed the sexually-violent-predator specifications.

The Applicable Statutes

**{¶11}** The appropriate version of Megan's Law to apply is that in place at the time Megan's law was repealed. *See State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 341, ¶ 22 (holding that the penalty to be applied for violation of the Megan's Law registration requirements is the version of Megan's Law in effect immediately before it was repealed). Therefore, as the state pointed out in its motion to classify Denike as a sexual predator, the version of former R.C. 2950.01 et seq. effective from January 2, 2007, to December 31, 2008, applies in this case.

**{¶12}** Former R.C. 2950.09(A) provided that if a person was convicted of a sexually-oriented offense and was adjudicated a sexually-violent predator in relation to that offense, he was automatically classified as a sexual predator. In all other cases, a person convicted of a sexually-oriented offense could be classified as a sexual predator "only in accordance with division (B) or (C) of this section." Former R.C. 2950.09(A). Denike was not subject to automatic classification as a sexual predator because he was not adjudicated a sexually-violent predator in relation to his sexually-oriented offense, as the sexually-violent-predator specifications had been dismissed. We held in Denike's first appeal that division (C) did not apply to him. Therefore, the only section that could apply to Denike is former R.C. 2950.09(B).

**{¶13}** Former R.C. 2950.09(B)(1)(a) provided that where a person had been convicted of a sexually-oriented offense, the sentencing judge "shall" conduct a

hearing to determine whether the person is a sexual predator if certain circumstances apply. Former R.C. 2950.09(B)(1)(a)(i) only applies to those who committed a sexually-oriented offense that is not a sexually-violent offense. Since Denike committed rape, a sexually-violent offense, former R.C. 2950.09(B)(1)(a)(i) does not apply to him.

{¶14} Former R.C. 2950.09(B)(1)(a)(ii) provided for a sexual-predator-classification hearing where

> Regardless of when the sexually oriented offense was committed, the offender is to be sentenced on or after January 1, 1997, for a sexually oriented offense * * * and either of the following applies: the sexually oriented offense is a violent sex offense other than a violation of division (A)(1)(b) of section 2907.02 of the Revised Code committed on or after the effective date of this amendment and other than attempted rape committed on or after that date when the offender is also convicted of or pleads guilty to a specification * * * *and a sexually violent predator specification was not included in the indictment*, count in the indictment, or information charging the violent sex offense; or the sexually oriented offense is a designated homicide, assault, or kidnapping offense and either a sexual motivation specification or a sexually violent predator specification, or both such specifications, were not included in the indictment, count in the indictment, or information charging the designated homicide, assault, or kidnapping offense.

(Emphasis added.)

{¶15} Former R.C. 2950.09(B)(1)(a)(iii) provided that a sexual-predator hearing was to be held if the offender was to be sentenced on or after May 7, 2002,

6

for a sexually-oriented offense and the offender was acquitted of a sexually-violent-predator specification that had been included in the indictment. Former R.C. 2950.09(B)(5) stated that a hearing under division (B) shall not be conducted if "(a) the sexually oriented offense in question is a sexually violent offense, the indictment, count in the indictment, or information charging the offense also included a sexually violent predator specification, and the offender is convicted of or pleads guilty to that sexually violent predator specification." Therefore, under the relevant version of former R.C. 2950.09(B), a sexual-predator hearing could be held if the offender was acquitted of a sexually-violent-predator specification, but not if the offender was convicted of or pleaded guilty to a sexually-violent-predator specification.

{¶16} The state argues that former R.C. 2950.09(B)(5) precludes a sexual-predator-classification hearing only if the offender was ultimately convicted of or pleaded guilty to a sexually-violent-predator specification. A hearing was precluded in such a case because the offender was automatically classified as a sexual predator if he was convicted of or pleaded guilty to a sexually-violent-predator specification. Denike's indictment included sexually-violent-predator specifications that were dismissed at the state's request pursuant to the plea deal.

### The Prior Statute

{¶17} Prior to the version of former R.C. 2950.09 applicable in this case, the statute provided in R.C. 2950.09(B)(4) that "A hearing shall not be conducted under division (B) of this section regarding an offender if the sexually oriented offense in question is a sexually violent offense and the indictment * * * charging the offense also included a sexually violent predator specification."

{¶18} In *Jones*, 93 Ohio St.3d 391, 754 N.E.2d 1252, the Supreme Court of Ohio held that that provision of former R.C. 2950.09(B)(4) precluded a trial court from conducting a sexual-predator hearing where the offender was acquitted of a

7

sexually-violent-predator specification that had been included in the indictment. The court stated, "Clearly, R.C. 2950.09(B)(4) precludes a trial court from conducting a sexual predator hearing when, as in the case before us, the indictment charging the offender included a sexually violent predator specification." *Jones* at 396. "R.C. 2950.09 precludes a trial court from classifying a defendant as a sexual predator once that defendant has been acquitted of a sexually violent predator specification." *Id.* at 397. *See State v. Macht*, 1st Dist. Hamilton No. C-980676, 1999 WL 387058 (June 11, 1999); *State v. Harrod*, 1st Dist. Hamilton No. C-990018, 1999 WL 797980 (Oct. 8, 1999); *State v. Wynn*, 8th Dist. Cuyahoga No. 75281, 1999 WL 1087497 (Dec. 2, 1999) (all holding under prior statutes that an offender who had been acquitted of a sexually-violent-predator specification could not be classified as a sexual predator).

{**¶19**} The Seventh Appellate District applied the holding of *Jones* in *Robinson*, 7th Dist. Mahoning No. 00 CA 190, 2002-Ohio-6734, and held that where the state had "voluntarily dismissed" a sexually-violent-predator specification the court could not hold a sexual-predator hearing. The *Robinson* court noted that "the language in R.C. 2950.09(B)(4) refers only to the charging instrument, making no distinctions between dismissals or acquittals[.]" *Robinson* at ¶ 82. Because the indictment had contained a sexually-violent-predator specification, the court had no authority to hold a sexual-predator hearing. *Id.*

### The State's Argument

{**¶20**} The state argues that after the *Jones* decision, the legislature amended the statute to the version applicable in this case and recodified former R.C. 2950.09(B)(4) in former R.C. 2950.09(B)(5), which specifically provided that a sexual-predator hearing is precluded if the offender is convicted of or pleads guilty to a sexually-violent-predator specification. Therefore, the state argues, the only time a

sexual-predator hearing is precluded is when the offender is convicted of or pleads guilty to a sexually-violent-predator specification. This is especially true, the state argues, in light of former R.C. 2950.09(B)(1)(a)(iii), which provided for a sexual-predator hearing where the offender was acquitted of a sexually-violent-predator specification. The statutes, the state argues, express the legislative intent to preclude classification only where the offender was ultimately convicted of or pleaded guilty to a sexually-violent-predator specification, because in such a case the offender would automatically be classified as a sexual predator. In all other cases, such as when the offender is acquitted of a sexually-violent-predator specification, a sexual-predator-classification hearing is to be held.

<u>Analysis</u>

{¶21} Denike was convicted of rape, a violent sex offense. If Denike is to be classified as a sexual predator, it must be under former R.C. 2950.09(B)(1)(a)(ii). That is the only section under which he might fit. But that section provides for a sexual-predator-classification hearing where the indictment *did not* contain a sexually-violent-predator specification. Denike's indictment *did* contain sexually-violent-predator specifications, which the state ultimately dismissed in the plea bargain. Therefore, Denike cannot be classified as a sexual predator under that section. This may not have been the result the legislature intended when it amended the statute after *Jones*, especially since the legislature specifically provided for a sexual-predator hearing for offenders who had been acquitted of sexually-violent-predator specifications, but this is the result that the statute requires. The statute, as amended, specifically provides for sexual-predator hearings after acquittals of sexually-violent-predator specifications, but it does not mention dismissals of those specifications. Because sexually-violent-predator specifications were included in Denike's indictment and because dismissals of those specifications are not included

in the section allowing for sexual-predator hearings after acquittals, Denike cannot be classified as a sexual predator under the statute. While this may not be the result the legislature intended when it amended the statute, this court must apply the statute as written.

{¶22} We hold that the trial court erred in holding the sexual-offender-classification hearing under former R.C. 2950.09(B), because it had no authority to do so. Therefore, the trial court's judgment classifying Denike as a sexual predator must be vacated. The first assignment of error is sustained.

{¶23} Because we have held that Denike's sexual-predator classification must be vacated, his second assignment of error, which alleges that the trial court erred in classifying Denike as a sexual predator because the state failed to meet its burden to prove by clear and convincing evidence that Denike is a sexual predator, is moot and we decline to address it.

### Conclusion

{¶24} The judgment of the trial court classifying Denike as a sexual predator is vacated, and Denike is not required to register as a sexual predator.

Judgment vacated.

**WINKLER** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its own entry this date.

10