[Cite as *State ex rel. Bates v. Clancy*, 2025-Ohio-4381.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL. ROBERT BATES,        :

    Relator,        :        No. 115147

    v.        :

JUDGE MAUREEN CLANCY,        :

    Respondent.        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** September 15, 2025

---

Writ of Prohibition
Motion Nos. 586574 and 585582
Order No. 587909

---

### *Appearances:*

Robert Bates, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Craig A. McClelland, Assistant Prosecuting Attorney, *for respondent.*

EILEEN A. GALLAGHER, A.J.:

{¶ 1} Relator Robert Bates, pro se, filed a verified complaint seeking a peremptory writ and/or permanent writ of prohibition (1) vacating the journal entry

that was entered by the trial court on May 12, 2019 in Cuyahoga C.P. No. CR-07-501710-A and (2) prohibiting respondent from "exercising jurisdiction" in the case.

{¶ 2} For the reasons that follow, we dismiss relator's complaint.

## I. Factual and Procedural Background[1]

### A. 2008 Sentencing

{¶ 3} In 2008, Bates was sentenced to an aggregate nine-year prison sentence after being found guilty of one count of kidnapping with a sexual motivation specification, four counts of rape and two counts of robbery. Bates' convictions arose from conduct that occurred in May 2007.

{¶ 4} In its October 14, 2008 sentencing journal entry, the trial court stated that five years of postrelease control was part of Bates' sentence under R.C. 2967.28 but failed to indicate that postrelease control was mandatory and provide other required notifications related to postrelease control. No mention was made of Bates' designation as a sex offender or any sex offender registration or reporting requirements. Bates appealed his convictions. Neither he nor the State challenged

---

[1] The procedural background is based on our review of the publicly available, online dockets in the underlying action and in Bates' appeals. *See State ex rel. Fischer Asset Mgmt., LLC v. Scott*, 2023-Ohio-3891, ¶ 3, fn. 1 (8th Dist.) (observing, in original action, that "[t]his court is permitted to take judicial notice of court filings that are readily accessible from the internet"); *Patterson v. Cuyahoga Cty. Common Pleas Court*, 2019-Ohio-110, ¶ 2, fn. 1 (8th Dist.) (setting forth procedural history relevant to mandamus action based on review of "publicly available dockets"), citing *Cornelison v. Russo*, 2018-Ohio-3574, ¶ 8, fn. 2 (8th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8; *see also Manning v. Gallagher*, 2025-Ohio-2781, ¶ 2, fn. 1 (8th Dist.). Further, judicial notice may be taken in writ actions without converting a motion to dismiss into a motion for summary judgment. *Beverly v. Cuyahoga Cty. Mun. Ct.*, 2025-Ohio-2457, ¶ 16 (8th Dist.), citing *State ex rel. Mobley v. O'Donnell*, 2021-Ohio-715, ¶ 9 (10th Dist.), and *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000).

the postrelease-control portion of his sentence or made any mention of Bates' sex offender status on appeal. This court affirmed his convictions. *State v. Bates*, 2009-Ohio-5819 (8th Dist.). The Ohio Supreme declined discretionary review, *State v. Bates*, 2010-Ohio-799, and the United States Supreme Court denied certiorari, *Bates v. Ohio*, 562 U.S. 1014 (2010).

**B. 2018 Hearing and Related Judgment Entries**

{¶ 5} In September 2018, Bates was ordered returned to the trial court for a "sexual predator classification hearing." At the "sexual predator/HB-180 hearing," which was held on October 4, 2018 (the "October 4, 2018 hearing"), Bates was designated as an "aggravated sexually oriented offender" and advised of his registration and reporting requirements under R.C. Ch. 2950. At the hearing, the State also raised an issue concerning the trial court's 2008 imposition of postrelease control. The trial court then provided further advisements to Bates regarding postrelease control. *See State v. Bates*, 2020-Ohio-267, ¶ 6-7 (8th Dist.).

{¶ 6} On October 8, 2018, the court issued a journal entry regarding the October 4, 2018 hearing (the "October 8, 2018 entry"). The entry identified the offenses of which Bates had been previously found guilty and stated, with respect to Bates' sexual offender designation:

> Defendant returned from correctional institution to advise him of the registration requirements for the conviction of an aggravated sexually oriented offense. Both State and defense stipulate to the findings in court and on the record.

> Defendant is now an aggravated sexually oriented offender. Defendant advised of his reporting requirements under ORC 2950. Defendant

acknowledges receipt of written reporting requirements. Copy of signed registration requirements forwarded to Sheriff's Department Sex Offender Unit.

{¶ 7} The October 8, 2018 entry also set forth the advisements related to postrelease control the trial court had given Bates at the hearing and incorporated those advisements into the October 8, 2018 entry.

{¶ 8} Bates appealed the October 8, 2018 entry. In March 2019, this court remanded the case to the trial court to "correct" the October 8, 2018 entry because it failed to include "the terms of sentence on each count." On May 12, 2019, the trial court entered a corrected journal entry that included the sentences that had been imposed at sentencing in October 2008 (the "May 12, 2019 entry").[2] As it related to Bates' sexual offender designation, the May 12, 2019 entry essentially repeated what had been stated in October 8, 2018 entry:

> This matter was returned to the Court's docket from the Court of Appeals of Ohio, Eighth District, Case No. CA-18-107868 to include defendant's prison term which was imposed at sentencing on 10/09/2008, into the Court's entry of 10/04/2018 [sic] where an HB-180 hearing was held. At the hearing, defendant was classified as an aggravated sexually oriented offender, advised of his registration requirements for the conviction of an aggravated sexually oriented offense, and advised of post release control.
>
> . . .
>
> Defendant returned from correctional institution to advise him of the registration requirements for the conviction of an aggravated sexually oriented offense. Both State and defense stipulate to the findings in court and on the record. . . . Defendant is now classified as an

---

[2] The trial court had entered a prior corrected entry on March 29, 2019, but the entry was found to be deficient, and the case was remanded again for the issuance of a further corrected entry.

aggravated sexually oriented offender. Defendant advised of his reporting requirements under ORC 2950. Defendant is required to register every 90 days for life as an aggravated sexually oriented offender. Defendant acknowledges receipt of written reporting requirements. Copy of signed registration requirements forwarded to Sheriff's Department Sex Offender Unit.

{¶ 9} The appeal then proceeded. In his appeal of the October 8, 2018 judgment entry, Bates challenged only the trial court's attempted correction of the 2008 defective imposition of postrelease control. He did not challenge his designation as an aggravated sexually oriented offender. *Bates*, 2020-Ohio-267, at ¶ 10-11 (8th Dist.).

{¶ 10} Relying on the Ohio Supreme Court's prior void-sentence jurisprudence, this court affirmed the trial court. This court concluded that the 2008 sentencing entry was "not sufficient to validly impose postrelease control" (and that the postrelease-control portion of Bates' sentence as imposed in 2008 was, therefore, void) but that, because it was "undisputed" that Bates had not yet served his entire prison sentence, the trial court did not err in correcting the defective postrelease-control sanction imposed in 2008 by properly notifying Bates of postrelease control at the 2018 hearing and issuing a new sentencing entry. *Id.* at ¶ 20-26.

{¶ 11} Bates appealed to the Ohio Supreme Court, which accepted his discretionary appeal. Citing its decisions in *State v. Harper*, 2020-Ohio-2913, and *State v. Hudson*, 2020-Ohio-3849, the Ohio Supreme Court held that "[a]n attack on a trial court's imposition of postrelease control in a sentence must be brought on

direct appeal or it will be barred by res judicata," and that "[t]his holding applies to the state as well as the defendant." *State v. Bates*, 2022-Ohio-475, ¶ 24-25, 32. "Because res judicata precluded the collateral attack on Bates' sentence," the Court held that the trial court's 2018 sentencing entry was "improper and, therefore, of no effect." *Id.* at ¶ 32. The Court reversed the Eighth District "to the extent it [held] otherwise" and vacated "the portion of the 2018 sentencing entry imposing postrelease control on Bates." *Id.*

### C. Bates' Complaint Seeking a Writ of Prohibition

{¶ 12} On May 20, 2025, Bates filed the instant complaint for a peremptory writ and/or permanent writ of prohibition (1) vacating the May 12, 2019 entry and (2) prohibiting respondent from "exercising jurisdiction" in the underlying case, Cuyahoga C.P. No. CR-07-501710-A ("501710"). Bates alleges that, at the time of the October 4, 2018 hearing he had completed his sentence in 501710 and was serving a six-month sentence in an unrelated case, Scioto C.P. No. 14CR000219, which was ordered to be served consecutively to Bates' sentence in 501710.[3] Bates contends that respondent patently and unambiguously lacked jurisdiction to "reopen" the case in October 2018, "place the Relator Bates on PRC," classify him as a "Tier III sex offender," and journalize the May 12, 2019 entry "more than ten years after [the trial court] imposed its original sentence" and after Bates had served that sentence. Bates attached copies of the following to his complaint: (1) the October 14, 2008

---

[3] Bates alleges that he had completed his sentence in 501710 on May 2, 2018.

sentencing entry, (2) the transcript from the October 9, 2008 sentencing hearing, (3) the May 12, 2019 entry, (4) a March 19, 2014 judgment entry of sentence in Scioto C.P. No. 14CR000219, and (5) a "verification of imprisonment" from the Ohio Department of Rehabilitation and Correction dated December 31, 2024.

### D. Relator's Motion for Summary Judgment

{¶ 13} On June 24, 2025, before service of the complaint on respondent was completed, Bates filed a motion for summary judgment, arguing that respondent had waived her right to respond by failing to file a timely answer or dispositive motion. Bates further argued that there were no genuine issues of material fact and that he was entitled to judgment granting a writ of prohibition as matter of law based on respondent's patent and unambiguous lack of jurisdiction. In support of his motion, Bates submitted an affidavit referencing the exhibits he had attached to his complaint.[4]

{¶ 14} Respondent was served with the complaint on June 30, 2025. Respondent opposed relator's motion for summary judgment on the grounds that it was premature under Civ.R. 56(A). *See* Civ.R. 56(A) ("A party may move for summary judgment at any time after the expiration of the time permitted under these rules for a responsive motion or pleading by the adverse party, or after service of a motion for summary judgment by the adverse party."). Bates filed a reply in

---

[4] In his affidavit in support of summary judgment, Bates asserts that copies of the referenced documents are attached to his affidavit, but they were not, in fact, attached to the affidavit filed with this court.

which he asserted that although his motion for summary judgment may have been filed "early," "[r]espondent must still respond with evidence" and that, having failed to do so, "[t]his Court is required by law to grant summary judgment in favor of Mr. Bates based on his undisputed facts." Bates did not cite any legal authority in support of this argument.

### E. Respondent's Motion to Dismiss

{¶ 15} On July 28, 2025, respondent filed a motion to dismiss relator's complaint pursuant to Civ.R. 12(B)(6). Respondent contends that Bates' complaint fails to state a claim upon which relief in prohibition can be granted because (1) "[r]elator has already addressed the issue of the post-release control with the Ohio Supreme Court," (2) "[r]elator sets forth no theory in prohibition that would establish that relator is entitled to the relief requested," (3) the sex offender registration requirements at issue were statutorily imposed as a matter of law, relator had an adequate remedy at law by way of appeal, and "[r]elator failed to raise those issues on appeal," and (4) relator waived his right to seek a corrective remedy by failing to challenge the portions of the trial court's 2018 and 2019 entries in which he was designated a sex offender in his appeal in Eighth District Appeal No. 107868.

{¶ 16} Relator filed a timely opposition to the motion to dismiss in which he again argued that respondent patently and unambiguously lacked jurisdiction to conduct an HB-180 hearing in October 2018 and to issue the May 12, 2019 entry because a final judgment entry had been entered in 2008 and Bates had already completed his sentence. In response to respondent's waiver argument, Bates

asserted that because respondent lacked subject-matter jurisdiction to conduct the "HB-180/resentencing hearing" and to issue the May 12, 2019 entry, the May 12, 2019 entry was void and could be challenged at any time, "entitling" Bates "to a Corrective Writ of Prohibition by law."

## II. Law and Analysis

### A. Respondent's Motion to Dismiss

#### 1. Standard of Review

{¶ 17} Dismissal of a complaint seeking a writ of prohibition for failure to state a claim upon which relief can be granted is appropriate if, after presuming all factual allegations in the complaint as true and drawing all reasonable inferences in the relator's favor, it appears beyond doubt that the relator can prove no set of facts entitling the relator to the requested writ of prohibition. *State ex rel. Gordon v. Summit Cty. Ct. of Common Pleas*, 2025-Ohio-2927, ¶ 8; *State ex rel. Nyamusevya v. Hawkins*, 2021-Ohio-1122, ¶ 14; *State ex rel. Hemsley v. Unruh*, 2011-Ohio-226, ¶ 8. "While we must accept factual assertions as true, 'unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss.'" *State ex rel. Gordon* at ¶ 8, quoting *State ex rel. Martre v. Reed*, 2020-Ohio-4777, ¶ 12; *see also State ex rel. Sands v. Court of Common Pleas Judge*, 2018-Ohio-4245, ¶ 8 ("'[U]nsupported conclusions of a complaint . . . are not sufficient to withstand a motion to dismiss.'"), quoting *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994).

## 2. Requirements for Issuing a Writ of Prohibition

{¶ 18} "The purpose of a writ of prohibition is to restrain inferior courts from exceeding their jurisdiction." *State ex rel. Roush v. Montgomery*, 2019-Ohio-932, ¶ 5, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). A writ of prohibition is an "extraordinary remedy which is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies." *State ex rel. Henry v. Britt*, 67 Ohio St.2d 71, 73 (1981); *see also Gowdy v. Reali*, 2024-Ohio-6196, ¶ 2 (8th Dist.) (A writ of prohibition "should be used with great caution and not issue in a doubtful case."), citing *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 277 (1940).

{¶ 19} To obtain a writ of prohibition, a relator must usually establish, by clear and convincing evidence (1) the exercise of judicial power, (2) the exercise of that power is unauthorized by law, and (3) denial of the writ would result in an injury for which no adequate remedy exists in the ordinary course of the law. *See, e.g., State ex rel. Taylor v. Miday*, 2024-Ohio-6203, ¶ 17 (8th Dist.), citing *State ex rel. Edward Smith Corp. v. Marsh*, 2024-Ohio-201, ¶ 6. A peremptory writ is appropriate "'if it appears beyond doubt that relator is entitled to the requested extraordinary relief.'" *State ex rel. Lundeen v. Synenberg*, 2024-Ohio-6201, ¶ 8, quoting *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 531 (1999).

{¶ 20} In most cases, prohibition provides a preventative rather than a corrective remedy. *State ex rel. Taylor*, at ¶ 18. Where, as here, however, a relator

seeks a writ of prohibition to correct a past action, e.g., to vacate a previously entered judgment entry, the relator must demonstrate that the respondent "patently and unambiguously lacked jurisdiction" to take the action of which the relator complains. *Id.* Where a court patently and unambiguously lacks jurisdiction to act, "the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition," and the relator need not establish that element. *Id.*; *see also State ex rel. Davic v. Franklin Cty. Court of Common Pleas*, 2023-Ohio-4569, ¶ 13 ("If jurisdiction was patently and unambiguously lacking, a writ of prohibition will issue to correct a judgment issued by a court that lacked jurisdiction.").

{¶ 21} Here, presuming the truth of the factual allegations of Bates' complaint and drawing all reasonable inferences in his favor, it appears beyond doubt that Bates can prove no set of facts entitling him to the requested writ of prohibition. Accordingly, we grant respondent's motion to dismiss.

### 3. Analysis of Relator's Allegations and Arguments

#### a. Postrelease Control

{¶ 22} First, to the extent Bates challenges and seeks to vacate the postrelease control portion of the May 12, 2019 entry, the Ohio Supreme Court has already addressed that issue. In *Bates*, 2022-Ohio-475, the Court vacated "the portion of the [October 8, 2018] sentencing entry imposing postrelease control on Bates." *Id*. at ¶ 32. Although the Ohio Supreme Court did not specifically reference the May 12, 2019 entry in its decision, the May 12, 2019 entry was issued merely to "correct" the October 8, 2018 entry "to include defendant's prison term which was

imposed at sentencing on 10/09/2008, into the Court's entry of 10/04/2018 [sic]."

Accordingly, Bates can prove no set of facts entitling him to a writ of prohibition as it relates to the postrelease-control portion of the May 12, 2019 entry.

### b. Sex Offender Classification

{¶ 23} With respect to the "sex offender classification" portion of the May 12, 2019 entry, Bates asserts that, because the trial court did not notify him of his duty to register as a sex offender at his 2008 sentencing hearing "as mandated by [R.C.] 2950.03(A)(2)," it "implicitly incorporated into the judgment a finding that he did not have a duty to register." He asserts that the trial court patently and unambiguously lacked jurisdiction to "change[] the provision of Mr. Bates' sentence" and "classify[] Mr. Bates as a Tier III sex offender with lifelong registration" ten years later (1) after the trial court had already issued a final, appealable order and (2) after he had already completed his prison sentence.

{¶ 24} As a preliminary matter, although Bates asserts that he was classified as "a Tier III sex offender," the trial court's journal entries reflect that Bates was designated an "aggravated sexually oriented offender" under Megan's Law, not a Tier III sex offender. Because the incident that gave rise to Bates' conviction occurred in 2007, Megan's Law (rather than the Adam Walsh Act, which introduced the tier system for classifying sex offenders) applied. *See State v. Schilling*, 2023-Ohio-3027, ¶ 10, 26. Bates was designated an aggravated sexually oriented offender based on his conviction for an aggravated sexually oriented offense, i.e., rape in violation of R.C. 2907.02(A)(2). *See* former R.C. 2950.01(O).

{¶ 25} The cases Bates cites to support his argument that the trial court patently and unambiguously lacked jurisdiction to "modify his sentence," reconsider its final judgment, and classify him as a sex offender in 2018 and 2019 (after it issued a final, appealable order in 2008) are inapposite.

{¶ 26} In *State v. Gilbert*, 2014-Ohio-4562, the Court held that the trial court lacked jurisdiction to vacate its judgment of conviction and resentence the defendant based on the defendant's failure to fulfill his obligations under a plea agreement. *Id*. at ¶ 3, 7-9, 13. *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 599-600 (1992), and *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338 (1997), involved entries that were never journalized and, thus, the Court held they were not final orders. In *State v. Carlisle*, 2011-Ohio-6553, the Ohio Supreme Court held that a trial court lacked authority to vacate the defendant's three-year prison sentence and impose a sentence of five years of community control "due to a change in circumstances" after a valid, final judgment of conviction was journalized. *Id*. at ¶ 2, 4, 6, 9-12.

{¶ 27} *State v. Raber*, 2012-Ohio-5636, involved the retroactive classification after final judgment of an offender under the Adam Walsh Act. *Id*. at ¶ 12, 14, 22-23. In *Raber*, the parties disputed at sentencing whether the defendant's conviction required the defendant to register as a sex offender because R.C. 2950.01(B)(2)(a) did not require registration if the offenses involved consensual sexual activity with another over the age of 18. *Id*. at ¶ 2-3, 8. Although the trial court gave the State the opportunity to demonstrate lack of consent, the State failed

to do so, and the trial court sentenced the defendant but did not classify him as a sex offender or provide him with notice of a duty to register as a sex offender, "implicitly incorporat[ing] into the judgment a finding that [the defendant] has no duty to register." *Id.* at ¶ 3, 8, 18. Several months after it entered its final judgment, the trial court, sua sponte, scheduled a hearing to determine whether the defendant should be classified as a sex offender. *Id.* at ¶ 9. The trial court found the sexual conduct to be nonconsensual, classified the defendant as a Tier I sex offender, and notified him of his duty to register. *Id.* Distinguishing sex offender classification and registration under the Adam Walsh Act (which "imposes additional criminal punishment on those convicted of sexually oriented offenses") from that under Megan's Law, the Court held that the trial court lacked authority to reopen its sentence to reconsider its final judgment and that the protections against double jeopardy barred the trial court from classifying the defendant as a sex offender subject to Tier I registration more than a year after it imposed sentence. *Id.* at ¶ 4, 20-23, 26-27. The facts and circumstances here are different.

{¶ 28} The trial court in the underlying case here did not "resentence" Bates or "reopen" its final criminal judgment when, in October 2018, it designated Bates an aggravated sexually oriented offender under Megan's Law. Proceedings under Megan's Law are civil in nature and are "legally distinct from the proceedings governing a defendant's underlying criminal conviction and sentence." *State v. McGee*, 2018-Ohio-3171, ¶ 18 (8th Dist.), citing *State ex rel. Hunter v. Binette*, 2018-Ohio-2681, ¶ 16; *State v. Miller*, 2014-Ohio-4568, ¶ 8 (8th Dist.). "The

classifications [under Megan's Law] 'are not a punishment within the defendant's sentence.'" *McGee* at ¶ 18, quoting *State v. Bell*, 2016-Ohio-7363, ¶ 13 (12th Dist.); *see also State v. Denike*, 2021-Ohio-4580, ¶ 9 (1st Dist.) ("The Megan's Law registration requirements are civil and remedial and do not implicate the defendant's sentence.").

{¶ 29} Under Megan's law, Bates' designation as an aggravated sexually oriented offender and the registration and reporting requirements associated with that designation arose automatically based on his conviction for an aggravated sexually oriented offense. *See* former R.C. 2950.01(O), 2950.04; *State v. Tobin*, 2007-Ohio-1345, ¶ 112 (2d Dist.); *see also Schilling*, 2023-Ohio-3027, at ¶ 2, 25-26 ("A person's obligation to register and report as a sex offender under . . . Ohio's sex-offender registration and reporting schemes does not arise by judicial determination. It arises by operation of law based on the sex-offense conviction itself.").

{¶ 30} Thus, as it relates to Bates' sex offender designation and registration and reporting requirements, neither the October 8, 2018 entry nor the May 12, 2019 entry changed or implicated Bates' criminal sentence or final judgment of conviction.

{¶ 31} In *State ex rel. Grant v. Collins*, 2018-Ohio-4281, the Ohio Supreme Court addressed a similar issue in affirming the Eleventh District's dismissal of a prohibition action. In that case, the defendant was found guilty of kidnapping and involuntary manslaughter in connection with the killing of a 17-year-old female

while having sexual intercourse with her in the mid-1980s and sentenced to 8 to 25 years in prison. *Id.* at ¶ 2, 15. In 2016, while the defendant was still in prison, the trial court scheduled a hearing to determine whether the defendant should be designated a sexual predator pursuant to Megan's law. *Id.* at ¶ 2-3.

{¶ 32} The defendant filed a complaint for a writ of prohibition to prevent the trial judge from proceeding with the hearing. *Id.* at ¶ 1, 3-4. The defendant argued that because (1) the Adam Walsh Act repealed Megan's Law, (2) the Adam Walsh Act could not be applied retroactively to him, and (3) he had not been previously classified as a sexually oriented offender under Megan's Law, the trial court lacked jurisdiction to determine whether he was a sexual predator and he was entitled to a writ of prohibition to preclude it from doing so. *Id.* at ¶ 10, 14. The Ohio Supreme Court disagreed.

{¶ 33} The Court explained that "an offender is 'automatically classified as a sexually oriented offender' upon conviction for a sexually oriented offense." *Id.* at ¶ 14, quoting *State v. Hayden*, 2002-Ohio-4169, ¶ 15. Given that there was "at least a factual question" regarding whether the defendant committed a sexually oriented offense, the Court concluded that the trial court did not "patently and unambiguously lack jurisdiction to conduct a sexual-predator adjudication hearing to decide that factual question" and that the defendant had an adequate remedy by way of appeal from any erroneous exercise of that jurisdiction. *State ex rel. Grant* at ¶ 16. In so ruling, the Court also rejected the defendant's arguments related to the finality of his criminal sentence:

[The defendant's] reliance on cases upholding the finality of criminal sentences is misplaced, because classification as a sex offender under Megan's Law is a civil, remedial consequence of the conviction and not a punitive component of criminal sentencing. . . . Sex-offender classification and registration laws therefore do not affect the finality of [the defendant's] convictions and sentence.

*Id.* at ¶ 17; *see also State v. Todd*, 2023-Ohio-4847, ¶ 31, 33-35 (10th Dist.) (Where there was no sex offender classification in the sentencing entry, there was no final, appealable order under Megan's Law.).

{¶ 34} Bates, likewise, cannot establish that respondent patently and unambiguously lacked jurisdiction based on his allegations that he had already completed his sentence in 501710 at the time of the October 2018 hearing.

{¶ 35} In support of his argument, Bates points to *State v. Holdcroft*, 2013-Ohio-5014, *overruled on other grounds by State v. Harper*, 2020-Ohio-2913. In *Holdcroft*, the Ohio Supreme Court held, in relevant part, that when a defendant has fully served his or her prison sentence, the defendant enjoys an expectation of finality, which prevents further modification of the sentence for that crime:

[O]nce the prison-sanction portion of a sentence for a crime has been fully served, the structure of Ohio felony-sentencing law and the defendant's legitimate expectation in finality in his sentence prevent a court from further modifying the sentence for that crime in any way. A trial court does not have the authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense. Although it is true that some other sanctions (such as restitution) may yet be outstanding, a sentence served is a sentence completed.

. . .

Neither this court's jurisprudence nor Ohio's criminal-sentencing statutes allow a trial court to resentence a defendant for an

offense when the defendant has already completed the prison sanction for that offense. It is irrelevant whether the defendant is still in prison for other offenses. . . .

*Holdcroft* at ¶ 18-19. Bates' reliance on *Holdcroft* is misplaced.

{¶ 36} As this court explained in *McGee*, 2018-Ohio-3171 (8th Dist.), "'unlike correcting a sentence already served, addressing classification and registration requirements according to Megan's Law is different because such requirements are collateral consequence[s] of the offender's criminal acts rather than a form of punishment per se.'" *Id*. at ¶ 17-20, quoting *Bell*, 2016-Ohio-7363, at ¶ 12 (12th Dist.). "'[D]isposition of [a] challenge to the trial court's jurisdiction reclassify [a defendant] must be determined upon rules specific to classification pursuant to Megan's Law, rather than rules that pertain to sentencing or punishment.'" *McGee* at ¶ 19, quoting *Bell* at ¶ 13. Accordingly, even assuming Bates had completed his sentence in 501710 by the time of the October 2018 hearing, that would not have divested the trial court of jurisdiction to designate Bates an aggravated sexually oriented offender and notify him of his registration and reporting requirements prior to his release from prison. *See, e.g., McGee* at ¶ 20 ("status of [the defendant's] time served is irrelevant to the imposition of his sexual-predator classification"); *Miller*, 2014-Ohio-4568, ¶ 1, 5-10 (8th Dist.) (trial court did not lack jurisdiction to reclassify defendant as a sexually oriented offender under Megan's law where defendant had completed sentence for underlying crime prior to sex offender reclassification hearing); *Denike*, 2021-Ohio-4580, at ¶ 9 (1st Dist.) (defendant's release from prison "did not operate to deprive the trial court of

jurisdiction" to hold sexual-predator hearing); *State v. Sturgill*, 2017-Ohio-2736, ¶ 10-25 (4th Dist.) (trial court had jurisdiction to conduct reclassification hearing after defendant had served his prison sentence and had been released for two years); *Bell* at ¶ 5, 12-17 (trial court had jurisdiction to classify defendant one year after he had been released from prison).

{¶ 37} Likewise, the fact that the trial court did not conduct its "sexual predator classification hearing"/"HB 180 hearing" or notify Bates of his sex offender registration requirements at the time of his sentencing in October 2008 does not warrant the issuance of a writ of prohibition. "The statutory requirement regarding the timing of a sexual-predator hearing is not jurisdictional." *Denike* at ¶ 9; *see also Sturgill* at ¶ 24; *Bell* at ¶ 19 ("There is no indication in the statute regarding sexual predator designation hearings that the legislature intended to limit the court's authority, and rather, the purpose of holding the hearing before or during sentencing was to ensure procedural efficiency. As such, nothing in the statute divested the trial court of its jurisdiction simply because the required hearing did not occur prior to or at sentencing."). "Where the trial court fails to initially classify an offender according to Megan's Law and its civil and remedial classification requirements, the trial court retains jurisdiction to hold a sexual predator hearing at a later time." *State v. Jones*, 2021-Ohio-2149, ¶ 27 (12th Dist.).

{¶ 38} The allegations of Bates' complaint are insufficient to establish that respondent patently and unambiguously lacked jurisdiction to hold the October 2018 hearing and issue the related October 8, 2018 and May 12, 2019 entries

regarding Bates' designation as an aggravated sexually oriented offender. Assuming the truth of the factual allegations of the complaint and making all reasonable inferences in Bates' favor, it appears beyond doubt that Bates can prove no set of facts entitling him to a writ of prohibition as it relates to the "sex offender classification" portion of the May 12, 2019 entry. If Bates had an issue with his designation as an aggravated sexually oriented offender, he could have raised that issue in his appeal of the October 8, 2018 judgment entry. A writ of prohibition "will not issue to prevent an erroneous judgment, to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *Gowdy*, 2024-Ohio-6196, at ¶ 2 (8th Dist.), citing *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 65 (1950).

{¶ 39} Accordingly, we grant respondent's motion to dismiss relator's complaint pursuant to Civ.R. 12(B)(6).

### B. Relator's Motion for Summary Judgment

{¶ 40} Based on our resolution of respondent's motion to dismiss, relator's premature motion for summary judgment, filed before respondent had been served with the complaint, is denied as moot.

{¶ 41} Complaint dismissed.

{¶ 42} Costs assessed against relator. The clerk is directed to serve on all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

LISA B. FORBES, J., and
SEAN C. GALLAGHER, J., CONCUR