[Cite as *State v. Hilton*, 2026-Ohio-255.]

COURT OF APPEALS OF OHIO

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                        No. 114888

    v.                                :

MICHAEL HILTON,                         :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; REMANDED IN PART
**RELEASED AND JOURNALIZED:** January 29, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-06-480057-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van and Michael R. Wajda, Assistant Prosecuting Attorneys, and Jordyn K. Dawson, Legal Intern, *for appellee.*

Joseph V. Pagano, *for appellant.*

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant Michael Hilton ("Hilton") filed this timely appeal of his classification as a sexual predator and an aggravated sexually oriented offender after a reclassification hearing held pursuant to R.C. 2950.02(B). Hilton

asserts that the trial court erred because R.C. 2950.02(B) requires a de novo reclassification hearing, the trial court's entry did not comply with R.C. 2950.021(B)(4), and the trial court imposed dual sexual-offender classifications.

{¶ 2} We find that this court previously affirmed Hilton's classification as a sexual predator pursuant to former R.C. 2950.09, Ohio's version of the federal Megan's Law ("Megan's Law"), in *State v. Hilton*, 2008-Ohio-3010 (8th Dist.) ("*Hilton I*"). The *Hilton I* decision remains the law of the case. The trial court's entry, however, did not comply with R.C. 2950.021(B)(4), and we therefore remand and direct the trial court to issue an entry that complies with the statute. We also find that the trial court did not err when it classified Hilton as both a sexual predator and an aggravated sexually oriented offender because the reporting requirements are the same for both classifications.

## I. Relevant Facts and Procedural History

{¶ 3} On April 21, 2006, Hilton was indicted on 13 counts of rape in violation of R.C. 2907.02(A)(1)(b), 13 counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), and 13 counts of kidnapping with a sexual motivation specification in violation of R.C. 2905.01(A)(2) and/or (A)(4) and 2941.147. The charges stemmed from events that occurred after Hilton moved into the home of twelve-year-old N.E., the victim, and her family after her father was incarcerated. Hilton proceeded to take on the role of the father figure in the home while at the same time grooming and repeatedly raping N.E. for over a year. More detailed facts relative to Hilton's offenses, as well as his convictions and sentences, can be found in *Hilton I*.

On August 18, 2006, the jury returned a guilty verdict on all counts of the indictment. On October 17, 2006, the trial court held a sentencing and sexual-offender classification hearing, and Hilton was found to be a sexual predator under Megan's Law.

{¶ 4} Hilton subsequently filed a direct appeal raising multiple assignments of error, including a challenge to his sexual-offender classification. Relevant here, this court affirmed Hilton's classification as a sexual predator, holding there "was more than sufficient evidence to find by the clear and convincing evidence standard that appellant should be classified a sexual predator." *Hilton I* at ¶ 103. The *Hilton I* Court also affirmed Hilton's convictions for five counts of rape, five counts of gross sexual imposition, and ten counts of kidnapping with sexual motivation specification, and remanded the case for resentencing. *Id.* at ¶ 104. The trial court held a resentencing hearing on August 14, 2008. In addition to resentencing Hilton, the trial court changed his sex offender designation to a Tier III offender pursuant to R.C. 2950.021(B), Ohio's version of the federal Adam Walsh Act ("the Adam Walsh Act"). Hilton is currently serving two consecutive life sentences for the rape convictions, along with other definite consecutive sentences for the gross-sexual imposition and kidnapping convictions.

{¶ 5} On December 30, 2024, Hilton filed a motion for correction of sex offender status pursuant to R.C. 2950.02(B), with a request for a Megan's Law hearing. On February 10, 2025, the trial court held a hearing and at the hearing reclassified Hilton as a sexual predator and an aggravated sexually oriented

offender.  On February 20, 2025, the trial court issued an order simply stating, "[h]earing held defendant found to be a sex offender under Megans [sic] Law."

{¶ 6} Hilton raises the following assignments of error for our review:

1. The trial court erred when it classified [Hilton] as a sexual predator and aggravated sexually oriented offender under Megan's Law without holding a hearing in violation of the law and that deprived [Hilton] due process.

2. The trial court erred by imposing dual classifications on [Hilton] when it found him to be both a sexual predator and an aggravated sexually oriented offender.

## II. Law and Analysis

### A. Reclassification Pursuant to Megan's Law

{¶ 7} In his first assignment of error, Hilton asserts that the trial court erred when it classified him as a sexual predator and an aggravated sexually oriented offender under Megan's Law without holding a de novo evidentiary hearing, thereby depriving him of due process.  Hilton also contends that the trial court erred when it failed to issue an entry that complies with R.C. 2950.021(B)(4).

{¶ 8} There is no dispute that Hilton was improperly classified under the Adam Walsh Act.  Pursuant to R.C. 2950.021, anyone who is wrongly classified as a Tier offender under the Adam Walsh Act based on a sexually oriented offense committed prior to January 1, 2008, has an invalid classification.  *See State v. Williams*, 2011-Ohio-3374, ¶ 22.  R.C. 2950.021(B)(1) directs that the court "upon the request of either the state or the offender or on the court's own initiative, shall hold a hearing to determine the pre-2008 classification that should apply to the offender under the provisions of Chapter 2950 of the Revised Code as it existed

immediately prior to January 1, 2008." In short, the purpose of a R.C. 2950.021 reclassification hearing is for offenders with wrongful Adam Walsh Act classifications to be reclassified pursuant to Megan's Law as it existed before 2008.

{¶ 9} On February 10, 2025, the trial court held a hearing on Hilton's motion for correction of sex offender status pursuant to R.C. 2950.02(B). At the hearing, Hilton asserted that he should be classified as either a sexual predator or an aggravated sexually oriented offender, but not as both. Hilton gave a statement to the trial court expressing his progress. However, he did not object when the trial court did not hold a de novo evidentiary hearing. The trial court found that Hilton's sexual predator classification was affirmed by this court in *Hilton I* and reimposed that classification. The trial court also found that Hilton is an aggravated sexually oriented offender.

{¶ 10} The State contends that Hilton's first assignment of error is barred by res judicata because he previously brought a direct appeal of his sexual-predator classification in *Hilton I*. The State contended at the February 10, 2025 reclassification hearing that "the Court's sexual predator determination is the law of the case. So if the Defendant is entitled to classification under Megan's Law, he should go back to that classification that was affirmed on direct appeal." (Tr. 8.)

{¶ 11} We consider whether res judicata and the law-of-the-case doctrine prevent us from considering Hilton's first assignment of error. The doctrine of res judicata establishes that "once a court of competent jurisdiction passes upon and determines a point or fact that was actually or directly in issue in a former action,

that point or fact cannot be drawn into question in any future action between the same parties." *State v. Hilton*, 2023-Ohio-3876, ¶ 10 (8th Dist.), citing *State v. Johnson*, 2019-Ohio-2332, ¶ 31 (8th Dist.), citing *State v. Ulery*, 2011-Ohio-4549, ¶ 10 (2d Dist.).

{¶ 12} The law-of-the-case doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984), citing *Gohman v. St. Bernard*, 111 Ohio St. 726, 730 (1924). "[L]aw of the case has been aptly characterized as 'a kind of intra-action res judicata[.]'" *State v. Smith*, 2012-Ohio-1891, ¶ 26 (3d Dist.), quoting *People v. Evans*, 94 N.Y.2d 499, 502 (2000). The law-of-the-case doctrine precludes an appellate court from altering its prior decision. *State v. Fry*, 2023-Ohio-609, ¶ 14 (8th Dist.), citing *State v. Jones*, 2013-Ohio-572, ¶ 8 (8th Dist.).

{¶ 13} The trial court did not err when it reimposed Hilton's prior sexual-offender classification. Hilton's sexual-offender classification was previously determined after a full evidentiary hearing pursuant to Megan's Law. Hilton was found to be a sexual predator, and the trial court's decision was affirmed by the *Hilton I* Court. R.C. 2950.021 requires a reclassification hearing to determine an offender's pre-2008 classification. Here, the trial court held a reclassification hearing and found that prior to 2008, Hilton was classified as a sexual predator. We find that, pursuant to *Nolan*, the *Hilton I* decision regarding Hilton's sexual-offender classification remains the law of the case and we are bound to follow it.

{¶ 14} Hilton contends that the trial court violated the mandate of R.C. 2950.021 by failing to hold a de novo evidentiary hearing to determine his reclassification. Pursuant to R.C. 2950.021(B)(3), "[a] hearing held under division (B)(1) of this section shall be governed by, and held in accordance with, Chapter 2950 of the Revised Code as it existed immediately prior to January 1, 2008[.]" Hilton contends that this court, in *State v. Scott*, 2023-Ohio-370, ¶ 26 (8th Dist.), observed that the Ohio Supreme Court has never recognized or declared "that misclassified offenders [are] automatically reclassified." However, the defendant in *Scott* was originally classified pursuant to the Adam Walsh Act, and the issue was whether he was automatically reclassified pursuant to Megan's Law. Here, Hilton was originally classified pursuant to Megan's Law after a full evidentiary hearing, and that classification was affirmed by this court.

{¶ 15} In this case, the trial court has held two sexual-offender-classification hearings to determine Hilton's classification pursuant to Megan's Law. The hearings held by the trial court satisfy any hearing requirement set forth by R.C. 2950.021(B)(3). Hilton does not dispute that the trial court held a full evidentiary hearing on October 17, 2006, and that the trial court considered the necessary factors pursuant to former R.C. 2950.09(B)(3) when it determined that he was a sexual predator. Hilton does not dispute that his classification as a sexual predator pursuant to Megan's Law was affirmed by the *Hilton I* Court. Hilton also does not dispute that the trial court held a reclassification hearing on February 10, 2025, to determine Hilton's pre-2008 classification pursuant to Megan's Law, and the trial

court followed the mandate from the *Hilton I* Court. Contrary to Hilton's contention, the statute does not require a de novo evidentiary hearing when the trial court previously conducted a full evidentiary hearing to determine Hilton's sexual-offender classification under Megan's Law. In addition, Hilton has not provided any legal support for this contention.

{¶ 16} Hilton asserts that a de novo hearing is necessary so the trial court can determine his sexual-offender classification based in part on his failure to commit any additional sexual offenses since his convictions. This argument is disingenuous given that Hilton has been incarcerated since 2006. Hilton's imprisonment precludes access to vulnerable populations and has effectively prevented him from committing any similar sexual offenses.

{¶ 17} For the reasons stated above, we find that the trial court did not err when it did not hold a de novo evidentiary hearing. Therefore, this component of Hilton's first assignment of error is overruled.

{¶ 18} Hilton also contends, and the State concedes, that the trial court erred when it failed to issue an entry that complies with R.C. 2950.021(B)(4). Pursuant to R.C. 2950.021(B)(4), the trial court is required to make statutory findings and to issue an entry that includes the following: "the pre-2008 classification" and other relevant information, that the pre-2008 classification is subject to enforcement under R.C. Ch. 2950 as it existed immediately prior to January 1, 2008, and vacation of the prior classification of the offender as a Tier sex offender. The trial court's

entry did not comply with R.C. 2950.021(B)(4).  Therefore, we remand and direct the trial court to issue an entry that complies with R.C. 2950.021(B)(4).

## B. Dual Classifications

{¶ 19} In his second assignment of error, Hilton asserts that the trial court erred by imposing dual classifications when it found him to be both a sexual predator and an aggravated sexually oriented offender.

{¶ 20} Hilton was convicted of several counts of rape in violation of R.C. 2907.02(A)(1)(b).  *State v. Hilton*, Cuyahoga C.P. No. CR-06-480057-A, Journal Entry (Oct. 23, 2006).  The version of R.C. 2950.01(O) in effect at that time defined an "aggravated sexually oriented offense" as "a violation of division (A)(1)(b) of section 2907.02 of the Revised Code committed on or after June 13, 2002, or a violation of division (A)(2) of that section committed on or after July 31, 2003." Hilton's designation as an aggravated sexually oriented offender and the registration and reporting requirements associated with that designation arose automatically based on his conviction for an aggravated sexually oriented offense.  *State ex rel. Bates v. Clancy*, 2025-Ohio-4381, ¶ 29 (8th Dist.), citing former R.C. 2950.01(O) and 2950.04; *State v. Tobin*, 2007-Ohio-1345, ¶ 112 (2d Dist.).  Therefore, the trial court did not err when it found that Hilton is an aggravated sexually oriented offender.

{¶ 21} The trial court also did not err when it imposed two different sex-offender classifications.  Hilton cites to several cases to support his assertion that the trial court erred when it imposed two different sex-offender classifications.

However, in the cases cited by Hilton, the courts held that two different sex-offender classifications could not be imposed when they carried different reporting requirements. *See State v. Owens*, 1999 Ohio App. LEXIS 5578 (8th Dist. Nov. 24, 1999); *Tobin* at ¶ 116. Here, Hilton's classifications carry the same reporting requirements. Hilton's classifications as a sexual predator and aggravated sexually oriented offender each require that he report every 90 days from his registration date. *See* former R.C. 2950.07(B)(1) and 2950.06(B)(1).

{¶ 22} At the February 10, 2025 reclassification hearing, the trial court notified Hilton of his reporting requirements as a sexual offender, stating:

> Frequency of verification is determined by your offender's classification.
>
> In this situation you're a sexual predator; therefore, for your lifetime with verification every 90 days after the date of initial registration.
>
> For the record, the aggravated sexually oriented offender has the exact same requirements.

(Tr. 11-12.)

{¶ 23} Because the reporting requirements are the same, the trial court did not err when it classified Hilton as both a sexual predator and an aggravated sexually oriented offender. Therefore, Hilton's second assignment of error is overruled.

{¶ 24} For the reasons stated above, we affirm the trial court's classification of Hilton as both a sexual predator and an aggravated sexually oriented offender. We remand and direct the trial court to issue an entry that complies with R.C. 2950.021(B)(4).

It is ordered that the parties share the costs herein taxed equally.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court to issue a compliant order.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

LISA B. FORBES, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR